# Exhibit  A

732 280 0500          VICTOR M. COVELLI

09:46:24 a.m.    05-28-2010       14/29

RECEIVED

JUN 0 8 2010

BY: --------------------

Escandon, Fernicola, Anderson & Covelli
P.O. Box 211
Allenhurst, New Jersey 07711
Attorneys for Plaintiff (s)

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL HARRINGTON, her husband,<br><br>Plaintiffs,<br><br>      vs.<br><br>JAMES C. TOOTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMERDIC FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5), ABC MEDICAL GROUP(S), ABC CORPS (1-5) and/or ASSOCIATES (1-5) (all fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO:  ESX-L-3577-10<br><br><br>*Civil Action*<br><br><br>SUMMONS |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT NAMED ABOVE:  Gramedica

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

*Jennifer M. Perez*

JENNIFER M. PEREZ
Clerk of the Superior Court

Date:    May 27, 2010

Name of Defendant to be served:    Gramedica
Address for Service:                      16137Leone Drive, Macomb, MI 48042

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

BERGEN COUNTY;
Deputy Clerk of the Superior Court
Case Processing Section, Rm. 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 451-0003

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL (609) 585-6200
LEGAL SERVICES (609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL (856) 935-5628
LEGAL SERVICES (856) 451-0003

732 280 0500          VICTOR M. COVELLI

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6207
LEGAL SERVICES (973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Fl., Court House
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
583 Newark Avenue
Jersey City, NJ 07306
LAWYERS REFERRAL (201) 798-2727
LEGAL SERVICES (201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 475-2010

732 280 0500          VICTOR M. COVELLI                    09:47:33 a.m.    05-28-2010        20/29

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robert M. Anderson, Esq. | (732) 663-1920 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Escandon, Fernicola, Anderson & Covelli | ESX-L 357710 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 301 Main Street P.O. Box 211 Allenhurst, New Jersey 07711 | Complaint |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Kathleen O'Neill and Michael Harrington, Plaintiffs | Kathleen O'Neill and Michael Harrington v. James C. Totten, DPM; Patricia Berran, DPM; Claudio Gomez, DPM; individually and/or as agents, servants and/or employees of Saint Barnabas, etal |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
|---|---|
| 604 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES  ■ NO | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES  ■ NO | ☐ NONE  ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: | | |
|---|---|---|---|
| ☐ YES  ■ NO | ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES  ■ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Unknown at this time

SUPERIOR COURT
LAW DIVISION
ESSEX VICINAGE
APR 2 6 2010
FINANCE DIVISION
22

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | ☐ YES  ■ NO | |
| | WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| | ☐ YES  ■ NO | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 04/01/2010, CN 10517-English                                             page 1 of 2

732 280 0500        VICTOR M. COVELLI                            09:47:47 a.m.    05–28–2010        21 /29

**Side 2**



# CIVIL CASE INFORMATION STATEMENT

## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280  Zelnorm
- 285  Stryker Trident Hip Implants
- 288  Prudential Tort Litigation

### Mass Tort (Track IV)

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

Please check off each applicable category
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Effective 04/01/2010, CN 10517-English                                              page 2 of 2

732 280 0500        VICTOR M. COVELLI                                            09:47:59 a.m.    05-28-2010       22 /29

OUR FILE NO.: 10599
ESCANDON, FERNICOLA, ANDERSON & COVELLI
301 Main Street
P.O. Box 211
Allenhurst, New Jersey 07711
(732) 663-1920
Attorneys for Plaintiff



RECEIVED

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL HARRINGTON, her husband, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | |
| V. | DOCKET NO:   ESX-L 3577-10 |
| JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER, ; GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5) , ABC MEDICAL GROUP(S), ABC CORPS (1-5) and/or ASSOCIATES (1-5) (all fictitious names) | Civil Action<br><br>C O M P L A I N T |
| Defendants | |

Plaintiffs, KATHLEEN O'NEILL and MICHAEL HARRINGTON, residing at 103 Potomac Drive, in the Town of Basking Ridge, County of Somerset and State of New Jersey complaining of the defendants, allege and say:

### FACTS COMMON TO ALL COUNTS

1.    The plaintiff, Kathleen O'Neill, was a patient of James C. Totten, DPM at all times relevant to this action through June 2, 2008.

2.    Plaintiff was a patient of Patricia Berran, DPM beginning

September 2007 through December 4, 2008.

3.      On December 7, 2007, Dr. Totten performed surgery utilizing the HyProCure Sinus Tarsi Implant developed, designed, manufactured and sold by Gramedica, LLC and/or Foot Care Solutions. Dr. Totten, was assisted by Patricia Berran, DPM and Claudio Gomez, DPM during which the HyProCure Sinus Tarsi Implant was inserted into plaintiff's left ankle.

4.      On April 25, 2008, a second surgery was performed to remove the HyProCure Sinus Tarsi Implant.

5.      On or about June 2, 2008, during a routine visit with James C. Totten, DPM, the doctor indicated to the plaintiff that the HyProCure Sinus Tarsi Implant which was inserted in her left ankle had sifted requiring the April 25, 2008 surgery to remove the implant.

6.      On or about August 7, 2009, plaintiff was made aware that there was not an orthopedic doctor in all of New Jersey that would have put this device in her ankle.

### FIRST COUNT

1.      At all times herein mentioned, plaintiff KATHLEEN O'NEILL, was a patient of defendants herein jointly and/or severally, for care and/or treatment.

2.      At all times mentioned, defendants, JAMES C. TOTTEN, DPM, PATRICIA BETTAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; JOHN and/or JANE DOES, M.D.'S (1-5); ABC MEDICAL GROUP(S); ABC

CORPS (1-5) and/or ASSOCIATES (1-5) (all fictitious names) located at 200 South Orange Avenue, Township of Livingston, County of Essex, State of New Jersey.

3.      Defendants herein jointly and/or severally, owed the plaintiff a duty to exercise a degree of diligence and skill required of the average health care provider, medical facility and/or practitioner of his or her respective specialty in his or her particular locale.

4.      The defendants breached a duty of care which the defendants owed the plaintiff due to the negligence of the defendants.  The defendants were negligent, jointly and severally due to the fact that defendants      deviated from the applicable standard of care during their care of plaintiff.

5.      As a direct and proximate result of the negligence and deviation of the defendants, plaintiff was and will in the future be caused to incur much pain and suffering, mental anguish, economic loss, had to expend sums for medical expenses and is forever prevented from attending to her normal activities, however limited.

WHEREFORE, plaintiff herein hereby demands judgment against the defendants aforesaid, their agents, servants and/or employees, jointly and/or severally, for compensatory damages, punitive damages, together with interest, costs of suit and counsel fees.

### SECOND COUNT

Plaintiff repeats, reiterates and realleges each and every paragraph of the First Count herein and makes the same a part hereof by reference thereto.

1.      At all times herein mentioned, the defendants, GRAMEDICA, LLC and/or GRAMEDICA FOOT CARE SOLUTIONS knew or had reason to know of the intended use of said HyProCure Sinus Tarsi Implant and expressly and impliedly represented by warranty that said HyProCure Sinus Tarsi Implant which the defendants designed, manufactured, inspected, assembled, installed, tested, leased, rented, sold and/or distributed would be reasonably fit for the purpose in which it was intended to be used, and that said HyProCure Sinus Tarsi Implant was of a merchantable quality and free from defects of design and/or manufacture or other defects, faults or shortcomings.

2.      The defendants, breached said expressed and implied warranties given to the plaintiff and other similarly in the possession of said HyProCure Sinus Tarsi Implant was designed, manufactured, assembled, inspected, installed, maintained, tested, leased, rented, sold and/or distributed in a defective, dangerous, unsafe, unsound, unsuitable and unworkmanlike condition, and was further unfit for the purpose intended because it failed to contain adequate warnings or instructions and was not of merchantable quality.

3.      As a direct and proximate result of the defendants' breach of expressed and implied warranties, as aforesaid, either jointly, severally, or in the alternative, the plaintiff, Kathleen O'Neill, has suffered serious and permanent personal injuries; she has suffered and will in the future suffer great pain; she has been and will in the future be forced to expend large sums of money for medical care and attention; she has lost and will in the future

732 280 0500      VICTOR M. COVELLI                                09:48:38 a.m.    05-28-2010      26 /29

lose large sums of money for wages; and she has been and will in the future be unable to pursue her normal daily activities as before.

WHEREFORE, Plaintiff demands judgment against the defendants, on this count, either jointly, severally, or in the alternative, for damages, together with interest and costs of suit, and counsel fees.

## THIRD COUNT

Plaintiff repeats, reiterates and realleges each and every paragraph of the First through Second Counts herein and makes the same a part hereof by reference thereto.

1.    On or before the aforementioned time and place, said defendants, GRAMEDICA, LLC. and/or GRAMEDICA FOOT CARE SOLUTIONS manufactured, designed, sold a HyProCure Sinus Tarsi Implant not reasonably, fit, suitable or safe for its intended purpose because it deviated from the design specifications, formula, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae; or failed to contain adequate warnings, instructions; or was designed in a defective manner, as a result of which the plaintiff, Kathleen O'Neill, was caused to sustain injury to be in violation of the State of New Jersey's Laws of Product Liability.

2 .    As a direct and proximate result of the negligence of the defendants either jointly, severally, or in the alternative, as aforesaid, the plaintiff, Kathleen O'Neill, has suffered serious and permanent personal injuries; she has suffered and will in the future suffer great pain; she has lost

and will in the future be forced to expend large sums of money for medical care and attention; she has lost and will in the future lose large sums of money for wages; and she has been and will in the future be unable to pursue her normal daily activities as before.

WHEREFORE, Plaintiffs demand judgment against the defendants on this count, either jointly, severally, or in the alternative, for damages, together with interest and costs of suit, and counsel fees.

### FOURTH COUNT

Plaintiffs herein repeat, reiterate and reallege each and every allegation contained in the First through Third Counts as if set forth at length herein.

1.     Plaintiff, MICHAEL HARRINGTON was and is the husband of plaintiff, KATHLEEN O'NEILL.

2.     By reason of the aforesaid, plaintiff MICHAEL HARRINGTON has been, and will in the future be, deprived of the comfort, companionship and society of his wife, KATHLEEN O'NEILL.

WHEREFORE, plaintiff MICHAEL HARRINGTON, hereby demands judgment against the defendants aforesaid, jointly and/or severally, for compensatory damages, punitive damages, together with interest, costs of suit and counsel fees.

### NOTICE OF OTHER ACTIONS

Pursuant to R. 4:5-1, I certify that the matter in controversy is not the subject of any other action in any court or of a pending arbitration proceeding and, to the best of my knowledge, none is contemplated at this time. I further certify

that, to the best of my knowledge and belief, there are no other parties who should be joined in this action.

## DEMAND FOR INSURANCE DISCOVERY

Pursuant to R 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorneys do hereby demand, pursuant to the above-cited Rules of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories and all documents, papers and other materials referred to therein, received from any party, upon the undersigned attorneys and, further, TAKE NOTICE that this is a CONTINUING demand.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands of each Defendant certified answers to FORM C and C-3 Interrogatories within the time prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the undersigned is hereby designated as trial counsel.

## JURY DEMAND

Plaintiff herein hereby demands a trial by jury as to all issues.

ESCANDON, FERNICOLA, ANDERSON & COVELLI
Attorneys for Plaintiff

By:_____
ROBERT M. ANDERSON

Dated: April 16, 2010

# EXHIBIT B

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

*(Clerk's office stamps, handwritten: CIVIL DIVISION ESSEX VICINAGE / JUL 22 P 3:51 / PAYMENT DIVISION RECEIVED/FILED)*

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| William D. Sanders, Esq. | (973) 822-1110 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| McGivney & Kluger, P.C. | ESX-L-3677-10 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 23 Vreeland Road, Suite 220 Florham Park, NJ 07932 | Answer & Crossclaim |
| | JURY DEMAND  ☐ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Graham Medical Technologies LLC d/b/a GraMedica Inc., etc. | Kathleen O'Neill & Michael Harrington v James C. Totten, DPM, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES   ☐ NO |
|---|---|
| 606, 604 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ☐ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE  ☐ UNKNOWN |
|---|---|

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ☐ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes  ☐ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | *(signature)* 7/21/10 |
|---|---|

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

---

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603  AUTO NEGLIGENCE – PERSONAL INJURY
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

### Track III - 450 days' discovery
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
280  Zelnorm
285  Stryker Trident Hip Implants
288  Prudential Tort Litigation

### Mass Tort (Track IV)

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**MCGIVNEY & KLUGER, P.C.**
23 Vreeland Road, Suite 220
Florham Park, NJ 07932
973-882-1110
Attorneys for Defendant, Graham Medical
Technologies, L.L.C. d/b/a GraMedica, Inc.
i/p/a Gramedica, LLC and/or Gramedica
Foot Care Solutions

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2010 JUL 22  P 3: 51

FINANCE DIVISION
RECEIVED/FILED
35

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL HARRINGTON,<br><br>               Plaintiffs,<br><br>   -vs-<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER, GRAMEDICA, LLC and/or GRAMEDICA FOOT CARE SOLUTIONS, DRS. JOHN and/or JANE DOES (1-5), ABC MEDICAL GROUPS, ABC CORPS. (1-5), and/or ASSOCIATES (1-5) (all fictitious names),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ESSEX COUNTY DOCKET NO.  ESX-L-3577-10<br><br>          **Civil Action**<br><br>GRAHAM MEDICAL TECHNOLOGY'S ANSWER, CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION, JURY DEMAND, REQUEST FOR STATEMENT OF DAMAGES, DEMAND FOR INTERROGATORY ANSWERS, TRIAL ATTORNEY DESIGNATION, AND CERTIFICATION PURSUANT TO RULE 4:5-1 |

Defendant, Graham Medical Technologies, L.L.C., d/b/a GraMedica, Inc. ("Graham"), a limited liability company of the State of Michigan, improperly pleaded herein as "Gramedica, LLC and/or Gramedica Foot Care Solutions," by and through its attorneys, McGivney & Kluger, P.C., answers the Complaint of the plaintiffs and states as follows:

## FACTS COMMON TO ALL COUNTS

1.     Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 1 of the Complaint and leaves plaintiffs to their proofs regarding them.

{F0031474-1}

2.      Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 2 of the Complaint and leaves plaintiffs to their proofs regarding them.

3.      Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 3 of the Complaint regarding the performance of surgery alleged therein and leaves plaintiffs to their proofs regarding them, except that Graham denies generally that the HyProCure Subtalar Implant System is intended for insertion into the ankle.  Graham admits that it lawfully manufactures and sells the HyProCure Subtalar Implant System pursuant to applicable regulatory approval.

4.      Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 4 of the Complaint and leaves plaintiffs to their proofs regarding them.

5.      Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 5 of the Complaint and leaves plaintiffs to their proofs regarding them, except that it denies generally that the HyProCure Subtalar Implant System was intended to be inserted into the ankle.

6.      Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 6 of the Complaint and leaves plaintiffs to their proofs regarding them, except that it denies generally that the HyProCure Subtalar Implant System was intended to be inserted into the ankle.

## FIRST COUNT

1.      The allegations of Paragraph 1 of the First Count of the Complaint are not directed to Graham and therefore it makes no response to them.

2.     The allegations of Paragraph 2 of the First Count of the Complaint are not directed to Graham and therefore it makes no response to them.

3.     The allegations of Paragraph 3 of the First Count of the Complaint refer to "defendants" generally, but in a manner that does not logically concern Graham because it is not a "health care provider, medical facility and/or practitioner of his or her respective specialty in his or her particular locale" as identified therein. Graham admits that other defendants in this action who are "health care providers, medical facilities and/or practitioners of his or her respective specialty in his or her particular locales" owed duties to the plaintiff.  Graham is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations and leaves plaintiffs to their proofs regarding them. While it would appear that those allegations are not properly directed to Graham, to the extent that plaintiffs contend otherwise, they are denied.

4.     The allegations of Paragraph 4 of the First Count of the Complaint refer to "defendants" generally, but in a manner that does appear to concern Graham because it refers implicitly to the allegations of the preceding Paragraph and Graham incorporates herein its response thereto. While it would appear that these allegations are not properly directed to Graham, to the extent that plaintiffs contend otherwise, they are denied.

## SECOND COUNT

Graham repeats and realleges each of its responses to the previous allegations of the Complaint as if set forth at length herein.

1.     Graham denies the allegations of Paragraph 1 of the Second Count of the Complaint to the extent they allege, by virtue of the incorporation of the previous allegations of the Complaint, that the "purpose" of the HyProCure Subtalar Implant System includes use as an

3

"ankle" implant.  Graham admits the HyProCure Subtalar Implant System was intended to, among other things, treat instability of the subtalar joint complex.  To the extent that the allegations of this Paragraph that the HyProCure Subtalar Implant System was "designed, manufactured, inspected, assembled or tested, sold and/or distributed" so that it was "reasonably fit for the purpose in which it was intended to be used" as an ankle implant, and further that it "was of a merchantable quality and free from defects of design and/or manufacture or other defects, faults or shortcomings" as an ankle implant, they are denied.  Graham denies the remaining allegations of this Paragraph.

2.      To the extent the allegations of Paragraph 2 of the Second Count of the Complaint are directed to Graham, they are denied.

3.      To the extent the allegations of Paragraph 3 of the Second Count of the Complaint are directed to Graham, they are denied.

## THIRD COUNT

Graham repeats and realleges each of its responses to the previous allegations of the Complaint as if set forth at length herein.

1.      To the extent the allegations of Paragraph 1 of the Third Count of the Complaint are directed to Graham, they are denied.

2.      To the extent the allegations of Paragraph 2 of the Third Count of the Complaint are directed to Graham, they are denied.

## FOURTH COUNT

Graham repeats and realleges each of its responses to the previous allegations of the Complaint as if set forth at length herein.

1.     Graham is without sufficient knowledge or information to form a belief as to the truth of falsity of the allegations of Paragraph 1 of the Fourth Count of the Complaint and leaves plaintiffs to their proofs regarding them.

2.     To the extent the allegations of Paragraph 2 of the Fourth Count of the Complaint are directed to Graham, they are denied.

## AFFIRMATIVE DEFENSES

1.     Any and all damages sustained by plaintiffs were the result of their own acts or omissions and/or the acts or omissions of a third party or third parties over whom Graham had neither control nor a right of control.

2.     Plaintiffs are barred from recovery, in whole or in part, because of the contributory and/or comparative negligence of Kathleen O'Neill pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-1 et seq.

3.     Plaintiffs have failed to include and join in this action all identifiable and indispensable parties without whom in equity and fairness this action should not proceed and this action should be dismissed to the extent such parties cannot be joined.

4.     Plaintiffs has been unable to identify Graham as the party causing her any of their alleged injuries, and therefore all plaintiffs herein fail to state a claim upon which relief can be granted against Graham.

5.     Plaintiffs are barred from recovery, in whole or in part, because Kathleen O'Neill undertook to use (or have implanted) the product at issue with knowledge of the risks of utilizing it and assumed the risk(s) thereof.

6.     Any injury that plaintiffs may have suffered was the result of acts or omissions that superseded or intervened to overcome any alleged acts or omissions of Graham.

7.     To the extent that the laws of various States may provide the rule of decision for the claims of the plaintiffs herein, Graham alleges all defenses that are available to it pursuant thereto.

8.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

9.     The delay of the plaintiffs in commencing suit against Graham is inexcusable and Graham has suffered prejudice thereby, and the respective plaintiffs' claims are barred by laches.

10.     Plaintiffs have knowingly and intelligently waived their rights and the Complaint is barred to that extent.

11.     The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

12.     At all relevant times, Graham acted in conformity with the state-of-the-art and in conformity with generally recognized and prevailing standards.

13.     Graham denies that there existed any warranties, either expressed or implied, between it and Kathleen O'Neill. Even if such warranties existed, plaintiffs' claims for breach of warranty are barred by their failure to comply with notice provisions required by the Uniform Commercial Code or applicable law.

14.     Neither plaintiff relied on any statement, representation or warranty by or from Graham.

15.     Kathleen O'Neill chose to have a surgical procedure wherein the HyProCure Subtalar Implant System was used on the recommendation of her physician and while Graham denies any damages resulted therefrom, any damages plaintiffs' claim resulted from that decision and not from any action of Graham.

16.     Should Graham be held liable to the plaintiffs, which liability is specifically denied, Graham would be entitled to a set-off for the total of all amounts paid to the plaintiffs from all collateral sources.

17.     To the extent one or more of the plaintiffs have settled, and/or released any party to this action, then Graham' liability shall be reduced thereby under applicable law.

18.     Recovery of any alleged damages by any plaintiff against Graham is limited by the doctrine of avoidable consequences.

19.     Plaintiffs have failed to take reasonable steps to mitigate their damages and, to that extent, they are barred from recovery.

20.     To the extent any plaintiff has taken steps to mitigate their damages which were unreasonable or inadequate, any recover to such plaintiff is reduced thereby.

21.     Graham demands that any claims for punitive damages should be bifurcated from plaintiffs' case-in-chief and be the subject of a separate trial.

22.     The injuries complained-of were caused by the unforeseeable misuse or alteration of the HyProCure Subtalar Implant System after it left Graham's control.

23.     Plaintiffs' Complaint is barred to the extent plaintiff seek the imposition of liability against Graham based upon any action of Graham that was taken in accordance with applicable federal statutes or regulations.

29.     If in fact Kathleen O'Neill had surgery wherein the HyProCure Subtalar Implant System was placed in her "ankle," the Implant was used for a purpose and in a manner not intended or recommended by Graham and over which Graham had no control.

30.     Plaintiffs' claims are subject to the limitations and defenses of N.J.S.A. 2A:58C-1, *et seq.*, the New Jersey Products Liability Act.

31.     To the extent permitted by law, Graham is entitled to contribution from any person and/or entity whose negligence or other fault contributed to plaintiffs' alleged injuries and damages.

32.     Plaintiff's Complaint against Graham is frivolous pursuant to N.J.S.A. 2A:15-59.1 and R. 1:4-8 to the extent that plaintiffs lack a good-faith basis for believing that any damages they suffered were caused by a defect in the design, manufacture or warnings of the HyProCure Subtalar Implant System, or any breach of warranty by Graham concerning that product. Plaintiff has sued Graham merely on the theory that because she believes she was injured following the implant procedure, and from which a second procedure was allegedly required, that either the HyProCure Subtalar Implant System itself, or the physicians who implanted it, must be at fault.

33.   Graham claims all available defenses to plaintiffs' claims for punitive damages pursuant to the New Jersey Punitive Damages Act.

34.     Graham reserves the right to amend its Answer and adopt additional defenses which have been or will be alleged by other defendants in this action.  In addition, Graham will rely upon additional defenses which become available or appear during discovery proceedings in this action, and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

35.   Plaintiff's action is barred by the doctrine of estoppel.

36.     Graham is not liable for more than its proper percentage of any award as set forth in N.J.S.A. 2A:15-5.1, et seq.

WHEREFORE, Graham demands judgment dismissing plaintiffs' Complaint with prejudice, the expense of defense and costs of suit, including attorney's fees, and for such other relief as this Court may deem appropriate.

## CROSSCLAIM FOR CONTRIBUTION

Graham hereby makes claim for contribution against each and every defendant who may appear in this action pursuant to N.J.S.A. 2A:53A-1, *et seq.*

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to plaintiffs as well as the damages and injuries alleged, if Graham is found liable to the plaintiff for damages by reason of the alleged acts complained of, this defendant's alleged negligence was merely constructive, technical, passive or vicarious, and plaintiff(s) damages and injuries arose with direct and primary negligence, strict liability, breach of contract and implied warranties of the said co-defendants listed any action as part of this litigation.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Graham hereby requests the plaintiffs herein to provide responsive, certified Answers to Interrogatories set forth in Forms A, A(1) and A(2) prescribed by the New Jersey Supreme Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, William D. Sanders, Esq. is hereby designated as trial counsel in the above-captioned matter.

## DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO RULE 4:5-2

Demand is hereby made upon plaintiffs that within 5 days after service hereof they shall furnish Graham with a written statement of the amount of damages claimed in the Complaint.

## DEMAND FOR JURY TRIAL

Graham hereby demands a trial by jury as to all issues so triable herein.

Respectfully submitted,

McGIVNEY & KLUGER, P.C.
23 Vreeland Road
Suite 220
Florham Park, New Jersey 07932
(973) 822-1110
Attorneys for defendant Graham Medical
Technologies, L.L.C. d/b/a GraMedica, Inc.,
i/p/a Gramedica, LLC and/or Gramedica Foot Care
Solutions

By: _____
WILLIAM D. SANDERS

Dated: July 21, 2010

## CERTIFICATION PURSUANT TO RULE 4:5-1

It is hereby certified that to the best of my present knowledge as counsel for Graham that

the matter in controversy which is the subject of this litigation involving the named parties hereto

is not the subject matter of controversy in any pending litigation or arbitration proceeding.  I

certify that the foregoing statement made by me is true and I am aware that if it is willfully false,

I am subject to punishment.

_____
William D. Sanders

Dated: July 21, 2010

10

## CERTIFICATION PURSUANT TO RULE 4:6-1(d)

It is hereby certified that to the best of my present knowledge as counsel for Graham that the within pleading is served upon counsel for the plaintiff within the time prescribed by the Rules of Court or extended as the Court and/or counsel may agree pursuant thereto.  I certify that the foregoing statement made by me is true and I am aware that if it is willfully false, I am subject to punishment.

William D. Sanders

Dated:  July 21, 2010

11

# Exhibit  C

# RUPRECHT, HART & WEEKS, LLP

## COUNSELLORS AT LAW

306 Main Street
Millburn, New Jersey 07041

Telephone (973) 379-2400
Telecopier (973) 379-2446

LOUIS A. RUPRECHT*
THOMAS C. HART*
DAVID PARKER WEEKS*
MICHAEL R. RICCIARDULLI*

*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

KARIN J. WARD
BRIAN P. MAHER
MATTHEW E. BLACKMAN
SARAH J. GURKA
JOHN W. GREGOREK
DANIEL B. DEVINNEY
ADAM KARCZEWSKI
BRION D. McGLINN
JESSICA J. MAHONY

**TO:**       **William Sanders, Esq.**

**FAX NO.**   **973-822-1116**

**FROM:**     **Jessica J. Nasta, Esq.**

**DATE:**     **January 14, 2011**

**RE:**       **O'Neill v. Totten**
              **Our File No. 1815**

We are enclosing ___39___ pages, including this transmittal sheet.

If you have any difficulties with this transmission, please contact Carolyn at (973) 379-2400.

---

**Special Requests or Comments:**

CONFIDENTIALITY NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT NY DISSEMINATION, DISTRIBUTING OR COPYING OF THIS TELECOPY IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO EXTRA COST TO YOU, OR

YOU MAY RETURN THE ORIGINAL DOCUMENT TO US BY MAIL, WITHOUT MAKING A COPY, AND WE WILL REIMBURSE YOUR EXPENSE.



RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, New Jersey  07041
(973) 379-2400
Attorney for Defendant, James C. Totten, DPM

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL O'NEILL, her husband,<br><br>Plaintiff,<br><br>y.<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5); ABC MEDICAL GROUP(S); ABC CORPS. (1-5) and/or ASSOCIATES (1-5)(all fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.    ESX-L-3577-10<br><br>Civil Action<br><br>**NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE AN APPROPRIATE AFFIDAVIT OF MERIT** |

TO:  Robert M. Anderson, Esq.
     Escandon, Fernicola, Anderson & Covelli
     301 Main Street
     P.O. Box 211
     Allenhurst, NJ 07711

ON NOTICE TO:

     Debra V. Uranowicz-Pandos, Esq.
     Duran & Pandos
     1044 Route 22 West
     Suite 5
     Mountainside, New Jersey 07092

SIRS:

PLEASE TAKE NOTICE that on Friday, January 7, 2011 at 9:00 a.m. in the forenoon or as soon thereafter as counsel may be heard, the undersigned will apply to the above named Court, Essex County Courthouse, Newark, New Jersey, for an Order dismissing plaintiff's Complaint and any and all crossclaims against the Defendant, James C. Totten, DPM, for plaintiff's failure to provide an appropriate Affidavit of Merit.  The defendant will rely upon the attached Brief and Certification of Counsel.

In accordance with R. 1:6-2, we hereby request that this matter be submitted to the court for ruling on the attached papers unless opposition is filed.  A proposed form of Order is attached.

I hereby certify that the within notice of motion has been filed with the Clerk of Essex County in Newark, New Jersey and true copies have been served upon all counsel of record via regular mail.

RUPRECHT, HART & WEEKS, LLP
Attorneys For Defendant,
James C. Totten, DPM

By: _____
Jessica J. Nasta

Dated:    December 2, 2010

**CALENDAR CALL**: None
**PRE-TRIAL CONFERENCE**: None
**TRIAL DATE**: None
**DED**: September 7, 2011

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL O'NEILL, her husband,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5); ABC MEDICAL GROUP(S); ABC CORPS. (1-5) and/or ASSOCIATES (1-5) (all fictitious names),<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.   ESX-L-3577-10<br><br>      Civil Action |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE AN APPROPRIATE AFFIDAVIT OF MERIT**

                                    Ruprecht, Hart & Weeks, LLP
                                      306 Main Street
                                      Millburn, New Jersey  07041
                                      (973) 379-2400
                                      Attorney for Defendant,
                                      James C. Totten, DPM

On the Brief:
    Jessica J. Nasta, Esq.

Of Counsel on the Brief:
    Louis A. Ruprecht, Esq.



SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

DEC - 6 2010

FINANCE DIVISION
RECEIVED/FILED

04

## STATEMENT OF FACTS

1.    The plaintiff filed the present action against the defendants, sounding in medical malpractice, on April 26, 2010. (See Plaintiff's Complaint attached as **Exhibit A**).

2.    Defendant, James C. Totten, DPM, filed an Answer to the Complaint on August 2, 2010. (See Dr. Totten's Answer attached as **Exhibit B**).

3.    Dr. Totten's Answer to the plaintiff's Complaint includes the following separate defense, "In the event that plaintiff does not file a timely and proper affidavit of merit according to N.J.S.A. 2A:53A-26, <u>et. seq.</u>, then this defendant pleads the benefits of same." (See **Exhibit B**).

5.    The 120-day deadline for service of a timely and appropriate Affidavit of Merit, pursuant to <u>N.J.S.A.</u> 2A:53A-26 <u>et seq.</u> and <u>N.J.S.A.</u> 2A:53A-41 <u>et seq.</u>, with regard to Dr. Totten was November 18, 2010.

18.    To date, the plaintiff has failed to serve an appropriate Affidavit of Merit as to Dr. Totten.  In fact, plaintiff has failed to file any affidavit whatsoever regarding Dr. Totten.

Based on the foregoing facts and the following case law and analysis, it is respectfully submitted that because the plaintiff has failed to provide an appropriate Affidavit of Merit as to defendant, James C. Totten, DPM, the Complaint against Dr. Totten must be dismissed with prejudice.

## LEGAL ARGUMENT

**THE COURT SHOULD GRANT DR. TOTTEN'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO N.J.S.A. 2A:53A-26 AND N.J.S.A. 2A:53A-41, AS PLAINTIFF HAS FAILED TO SUPPLY AN AFFIDAVIT OF MERIT.**

The Affidavit of Merit statute provides that:

> [i]n an action for damages for personal injuries, wrongful death...resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of merit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

This section of the Affidavit of Merit Statute was recently amended to require that in medical malpractice cases, "the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in N.J.S.A. 2A:53A-41." See, N.J.S.A. 2A:53A-27.  Thus, in actions that accrue after July 9, 2004, N.J.S.A. 2A:53A-41 governs the qualifications of those who provide expert testimony or execute an affidavit of merit.  This new section of the Affidavit of Merit statute provides in relevant part:

> In an action alleging medical malpractice, a person shall not give expert testimony or execute an affidavit pursuant to the provisions of P.L.1995, c. 139 (C.2A:53A-26 et seq.) on the appropriate standard of practice or care unless the person is licensed as a physician or other health care professional in the United States and meets the following criteria:

a. If the party against whom or on whose behalf the testimony is offered is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association and the care or treatment at issue involves that specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association, the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, as the party against whom or on whose behalf the testimony is offered, and if the person against whom or on whose behalf the testimony is being offered is board certified and the care or treatment at issue involves that board specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association, the expert witness shall be:

(1) a physician credentialed by a hospital to treat patients for the medical condition, or to perform the procedure, that is the basis for the claim or action; or

(2) a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association who is board certified in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, and during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to either:

(a) the active clinical practice of the same health care profession in which the defendant is licensed, and, if the defendant is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association, the active clinical practice of that specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association; or

(b) the instruction of students in an accredited medical school, other accredited health professional school or accredited residency or clinical research program in the same health care profession in which the defendant is licensed, and, if that party is a specialist or subspecialist recognized by the American Board of Medical

Specialties or the American Osteopathic Association, an accredited medical school, health professional school or accredited residency or clinical research program in the same specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association; or

(c) both.

N.J.S.A. 2A:53A-41.

It is clear that the requirements to be an affiant are significantly stricter under the new statute than the old statute. Specifically, the affiant now must be in the same specialty or sub-specialty as the defendant, whereas under the prior statute the affiant need only be substantially devoted to the same general area or specialty for at least five years. This stricter standard is further evidenced by subsection 2A:53A-41(c), which states that the court may waive the same specialty requirement only upon motion by the plaintiff and only after the plaintiff has demonstrated to the satisfaction of the court that a good faith effort has been made to identify an expert in the same specialty or sub-specialty. The plaintiff has not filed such a motion.

The plaintiff must show that the Complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional negligence. N.J.S.A. 2A:53A-27; Palanque v. Lambert Wooley, 168 N.J. 398, 404 (2001). The affidavit of merit must be provided to the defendant within sixty days of the filing of the answer or, for good cause shown, within an additional sixty day period. N.J.S.A. 2A:53A-27. The plaintiff's failure to serve an appropriate affidavit of merit within 120 days of the filing of the answer is considered tantamount to the failure to state a

cause of action, subjecting the complaint to dismissal with prejudice. N.J.S.A. 2A:53A-29; Palanque, supra, 168 N.J. at 404; Cornblatt, supra, 153 N.J. at 247.

The statute's essential goal is to put to rest unmeritorious and frivolous malpractice lawsuits at an early stage of litigation while allowing worthy claims to proceed through discovery and, if warranted, to trial. Knorr v. Smeal, 187 N.J. 169, 176 (2003); Palanque, supra, 168 N.J. at 404.

As indicated above, the amendment to the Affidavit of Merit Statute applies to cases that accrue on or after July 9, 2004. Therefore, the amended statute applies to Ms. O'Neill's allegations herein because they accrued during September, 2007 through December 4, 2008 during her treatment with James C. Totten, DPM.

Here, it is undisputed that Dr. Totten is a specialist under N.J.S.A. 2A:53A-41(a). However, the plaintiff has not submitted any Affidavit of Merit as to Dr. Totten. As indicated above, the plaintiff is required to provide a statutorily adequate Affidavit of Merit within 120 days of the filing of the defendant's Answer. Failure to do so constitutes failure to state a cause of action. N.J.S.A. 2A:53A-29. Here, Dr. Totten filed his Answer to the plaintiff's Complaint on August 2, 2010. Thus, the 120-day period for the filing of an appropriate Affidavit of Merit expired on November 30, 2010, and the plaintiff's complaint must be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, defendant, James C. Totten, DPM's motion to dismiss the Complaint for failure to timely provide an appropriate affidavit of merit must be granted, and the plaintiff's Complaint as to Dr. James C. Totten must be dismissed with prejudice.

Respectfully submitted,
RUPRECHT, HART & WEEKS, LLP
Attorneys for Defendant,
James C. Totten, DPM

By: _____
Jessica J. Nasta

DATED:      December 2, 2010

RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, New Jersey  07041
(973) 379-2400
Attorney for Defendant, James C. Totten, DPM

---

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL O'NEILL, her husband,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5); ABC MEDICAL GROUP(S); ABC CORPS. (1-5) and/or ASSOCIATES (1-5)(all fictitious names),<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.   ESX-L-3577-10<br><br>          Civil Action<br><br>**CERTIFICATION OF COUNSEL**<br><br> |

I, Jessica J. Nasta, Esq., hereby certify as follows:

1.    I am an associate with the law firm of Ruprecht, Hart & Weeks, LLP. We represent the defendant, James C. Totten, DPM, with the above entitled matter.  As such, I am fully familiar with the facts set forth herein.

2.    This certification is made in support of defendant's Motion to dismiss plaintiff's Complaint for failure to provide an appropriate Affidavit of Merit.

3.    Attached hereto as **Exhibit A** is a true and accurate copy of plaintiff's Complaint.

4.    Attached hereto as **Exhibit B** is a true and accurate copy of the Answer filed on behalf of defendant, James C. Totten, DPM.

5.    Attached hereto as **Exhibit C** is a true and accurate copy of the curriculum vitae of James C. Totten, DPM.

6.    To date, we have not received an Affidavit of Merit from plaintiff regarding defendant, James C. Totten, DPM.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Jessica J. Nasta

Dated:    December 2, 2010

# EXHIBIT A

09:47:59 a.m.   05-28-2010   22/29

732 260 0500        VICTOR M. COVELLI

OUR FILE NO.: 10599
ESCANDON, FERNICOLA, ANDERSON & COVELLI
301 Main Street
P.O. Box 211
Allenhurst, New Jersey 07711
(732) 663-1920
Attorneys for Plaintiff

... OF NEW JERSEY
... COUNTY

**APR 2 6 2010**

**RECEIVED**

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL HARRINGTON, her husband, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | DOCKET NO:  ESX-L  3677-10 |
| V. | Civil Action |
| JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER. ; GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5) , ABC MEDICAL GROUP(S), ABC CORPS (1-5) and/or ASSOCIATES (1-5) (all fictitious names) | C O M P L A I N T |
| Defendants | |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

**APR 2 6 2010**

FINANCE DIVISION
RECEIVED/FILED

22

Plaintiffs, KATHLEEN O'NEILL and MICHAEL HARRINGTON, residing at 103 Potomac Drive, in the Town of Basking Ridge, County of Somerset and State of New Jersey complaining of the defendants, allege and say:

## FACTS COMMON TO ALL COUNTS

1.  The plaintiff, Kathleen O'Neill, was a patient of James C. Totten, DPM at all times relevant to this action through June 2, 2008.

2.  Plaintiff was a patient of Patricia Berran, DPM beginning

September 2007 through December 4, 2008.

3.     On December 7, 2007, Dr. Totten performed surgery utilizing the HyProCure Sinus Tarsi Implant developed, designed, manufactured and sold by Gramedica, LLC and/or Foot Care Solutions.  Dr. Totten, was assisted by Patricia Berran, DPM and Claudio Gomez, DPM during which the HyProCure Sinus Tarsi Implant was inserted into plaintiff's left ankle.

4.     On April 25, 2008, a second surgery was performed to remove the HyProCure Sinus Tarsi Implant.

5.     On or about June 2, 2008, during a routine visit with James C. Totten, DPM, the doctor indicated to the plaintiff that the HyProCure Sinus Tarsi Implant which was inserted in her left ankle had sifted requiring the April 25, 2008 surgery to remove the implant.

6.     On or about August 7, 2009, plaintiff was made aware that there was not an orthopedic doctor in all of New Jersey that would have put this device in her ankle.

## FIRST COUNT

1.     At all times herein mentioned, plaintiff KATHLEEN O'NEILL, was a patient of defendants herein jointly and/or severally, for care and/or treatment.

2.     At all times mentioned, defendants, JAMES C. TOTTEN, DPM, PATRICIA BETTAN, DPM, CLAUDIO GOMEZ, DPM, individually and/or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; JOHN and/or JANE DOES, M.D.'S (1-5); ABC MEDICAL GROUP(S); ABC

732 280 0500 VICTOR M. COVELLI

09:48:19 a.m. 05-28-2010 24/29

CORPS (1-5) and/or ASSOCIATES (1-5) (all fictitious names) located at 200 South Orange Avenue, Township of Livingston, County of Essex, State of New Jersey.

3. Defendants herein jointly and/or severally, owed the plaintiff a duty to exercise a degree of diligence and skill required of the average health care provider, medical facility and/or practitioner of his or her respective specialty in his or her particular locale.

4. The defendants breached a duty of care which the defendants owed the plaintiff due to the negligence of the defendants. The defendants were negligent, jointly and severally due to the fact that defendants deviated from the applicable standard of care during their care of plaintiff.

5. As a direct and proximate result of the negligence and deviation of the defendants, plaintiff was and will in the future be caused to incur much pain and suffering, mental anguish, economic loss, had to expend sums for medical expenses and is forever prevented from attending to her normal activities, however limited.

WHEREFORE, plaintiff herein hereby demands judgment against the defendants aforesaid, their agents, servants and/or employees, jointly and/or severally, for compensatory damages, punitive damages, together with interest, costs of suit and counsel fees.

## SECOND COUNT

Plaintiff repeats, reiterates and realleges each and every paragraph of the First Count herein and makes the same a part hereof by reference thereto.

1.    At all times herein mentioned, the defendants, GRAMEDICA, LLC and/or GRAMEDICA FOOT CARE SOLUTIONS knew or had reason to know of the intended use of said HyProCure Sinus Tarsi Implant and expressly and impliedly represented by warranty that said HyProCure Sinus Tarsi Implant which the defendants designed, manufactured, inspected, assembled, installed, tested, leased, rented, sold and/or distributed would be reasonably fit for the purpose in which it was intended to be used, and that said HyProCure Sinus Tarsi Implant was of a merchantable quality and free from defects of design and/or manufacture or other defects, faults or shortcomings.

2.    The defendants, breached said expressed and implied warranties given to the plaintiff and other similarly in the possession of said HyProCure Sinus Tarsi Implant was designed, manufactured, assembled, inspected, installed, maintained, tested, leased, rented, sold and/or distributed in a defective, dangerous, unsafe, unsound, unsuitable and unworkmanlike condition, and was further unfit for the purpose intended because it failed to contain adequate warnings or instructions and was not of merchantable quality.

3.    As a direct and proximate result of the defendants' breach of expressed and implied warranties, as aforesaid, either jointly, severally, or in the alternative, the plaintiff, Kathleen O'Neill, has suffered serious and permanent personal injuries; she has suffered and will in the future suffer great pain; she has been and will in the future be forced to expend large sums of money for medical care and attention; she has lost and will in the future

JAN-14-2011  13:05        9733792446                              9733792446   P.18

732 280 0500        VICTOR M. COVELLI                      09:48:38 a.m.    05-28-2010    26/29

lose large sums of money for wages; and she has been and will in the future be unable to pursue her normal daily activities as before.

WHEREFORE, Plaintiff demands judgment against the defendants, on this count, either jointly, severally, or in the alternative, for damages, together with interest and costs of suit, and counsel fees.

## THIRD COUNT

Plaintiff repeats, reiterates and realleges each and every paragraph of the First through Second Counts herein and makes the same a part hereof by reference thereto.

1.    On or before the aforementioned time and place, said defendants, GRAMEDICA, LLC. and/or GRAMEDICA FOOT CARE SOLUTIONS manufactured, designed, sold a HyProCure Sinus Tarsi Implant not reasonably, fit, suitable or safe for its intended purpose because it deviated from the design specifications, formula, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae; or failed to contain adequate warnings, instructions; or was designed in a defective manner, as a result of which the plaintiff, Kathleen O'Neill, was caused to sustain injury to be in violation of the State of New Jersey's Laws of Product Liability.

2.    As a direct and proximate result of the negligence of the defendants either jointly, severally, or in the alternative, as aforesaid, the plaintiff, Kathleen O'Neill, has suffered serious and permanent personal injuries; she has suffered and will in the future suffer great pain; she has lost

and will in the future be forced to expend large sums of money for medical care and attention; she has lost and will in the future lose large sums of money for wages; and she has been and will in the future be unable to pursue her normal daily activities as before.

WHEREFORE, Plaintiffs demand judgment against the defendants on this count, either jointly, severally, or in the alternative, for damages, together with interest and costs of suit, and counsel fees.

## FOURTH COUNT

Plaintiffs herein repeat, reiterate and reallege each and every allegation contained in the First through Third Counts as if set forth at length herein.

1.    Plaintiff, MICHAEL HARRINGTON was and is the husband of plaintiff, KATHLEEN O'NEILL.

2.    By reason of the aforesaid, plaintiff MICHAEL HARRINGTON has been, and will in the future be, deprived of the comfort, companionship and society of his wife, KATHLEEN O'NEILL.

WHEREFORE, plaintiff MICHAEL HARRINGTON, hereby demands judgment against the defendants aforesaid, jointly and/or severally, for compensatory damages, punitive damages, together with interest, costs of suit and counsel fees.

## NOTICE OF OTHER ACTIONS

Pursuant to R. 4:5-1, I certify that the matter in controversy is not the subject of any other action in any court or of a pending arbitration proceeding and, to the best of my knowledge, none is contemplated at this time. I further certify

that, to the best of my knowledge and belief, there are no other parties who should be joined in this action.

## DEMAND FOR INSURANCE DISCOVERY

Pursuant to R 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorneys do hereby demand, pursuant to the above-cited Rules of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories and all documents, papers and other materials referred to therein, received from any party, upon the undersigned attorneys and, further, TAKE NOTICE that this is a CONTINUING demand.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands of each Defendant certified answers to FORM C and C-3 Interrogatories within the time prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the undersigned is hereby designated as trial counsel.

732 280 6500     VICTOR M. COVELLI                    09:49:06 a.m.   05-28-2010    29/29

## JURY DEMAND

Plaintiff herein hereby demands a trial by jury as to all issues.

ESCANDON, FERNICOLA, ANDERSON & COVELLI
Attorneys for Plaintiff

By: _____
ROBERT M. ANDERSON

Dated: April 16, 2010

09:47:47 a.m.    05-28-2010      21/29

732 280 0508        VICTOR M. COVELLI



## Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)**

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  Zelnorm
- 285  Stryker Trident Hip Implants
- 288  Prudential Tort Litigation

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM

- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category
- [ ] Verbal Threshold          [ ] Putative Class Action          [ ] Title 59

page 2 of 2

Effective 04/01/2010, CN 10517-English

732 280 0500    VICTOR M. COVELLI

09:47:33 a.m.    05-28-2010    20/29

**Appendix XII-B1**

<table>
<tr><td colspan="2">

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed
</td><td>

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHECK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:
</td></tr>
</table>

| ATTORNEY / PRO SE NAME<br>Robert M. Anderson, Esq. | TELEPHONE NUMBER<br>(732) 663-1920 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Escandon, Fernicola, Anderson & Covelli | | DOCKET NUMBER (when available)<br>ESX-L  237740 |
| OFFICE ADDRESS<br>301 Main Street<br>P.O. Box 211<br>Allenhurst, New Jersey 07711 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Kathleen O'Neill and Michael<br>Harrington, Plaintiffs | CAPTION<br>Kathleen O'Neill and Michael Harrington v. James C. Totten, DPM;<br>Patricia Berran, DPM; Claudio Gomez, DPM; individually and/or as<br>agents, servants and/or employees of Saint Barnabas, etal |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>604 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ Yes  ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ Yes  ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION
Unknown at this time

SUPERIOR COURT N.J.
LAW DIVISION
ESSEX VICINAGE

APR 26 2010

FINANCE DIVISION
FILED

22

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 04/01/2010, CN 10517-English    page 1 of 2

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6207
LEGAL SERVICES (973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Fl., Court House
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
583 Newark Avenue
Jersey City, NJ 07306
LAWYERS REFERRAL (201) 798-2727
LEGAL SERVICES (201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 475-2010

732 280 0500        VICTOR M. COVELLI                    09:44:17 a.m.    05-28-2010      3/29

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Rm. 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 451-0003

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL (609) 585-6200
LEGAL SERVICES (609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL (856) 935-5628
LEGAL SERVICES (856) 451-0003

# EXHIBIT B

RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, New Jersey 07041
(973) 379-2400
Attorney for Defendants, James C. Totten, DPM

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL O'NEILL, her husband,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5); ABC MEDICAL GROUP(S); ABC CORPS. (1-5) and/or ASSOCIATES (1-5)(all fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.   ESX-L-3577-10<br><br>Civil Action<br><br>ANSWER TO COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, REQUESTS FOR STATEMENT OF DAMAGES AND ALLOCATION AND DEMAND PURSUANT TO R. 4:18-2 |

Defendant, James C. Totten, DPM, 40 Ferry Street, Newark, New Jersey 07105, by their attorneys, Ruprecht, Hart & Weeks, LLP, by way of answer to plaintiff's Complaint, say:

## AS TO FACTS COMMON TO ALL COUNTS

1.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 1.

2.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 2.

3.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 3.

4.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 4.

5.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 5.

6.   This defendant denies the allegations of paragraph 6.

## FIRST COUNT

1.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 1 of the First Count.

2.   This defendant denies the allegations of paragraph 2 of the First Count.

3.   This defendant admits the allegations of paragraph 3 of the First Count.

4.   This defendant denies the allegations of paragraph 4 of the First Count.

5.   This defendant denies the allegations of paragraph 5 of the First Count.

## SECOND COUNT

This defendant repeats his answer to the preceding count as if set forth at length.

1.   This defendant has insufficient information upon which to admit or deny the allegations of paragraph 1 of the Second Count.

2.    This defendant has insufficient information upon which to admit or deny the allegations of paragraph 2 of the Second Count.

3.    This defendant denies the allegations of paragraph 3 of the Second Count.

## THIRD COUNT

This defendant repeats his answer to the preceding counts as if set forth at length.

1.    This defendant has insufficient information upon which to admit or deny the allegations of paragraph 1 of the Third Count.

2.    This defendant denies the allegations of paragraph 2 of the Third Count.

## FOURTH COUNT

This defendant repeats his answer to the preceding counts as if set forth at length.

1.    This defendant has insufficient information upon which to admit or deny the allegations of paragraph 1 of the Fourth Count.

2.    This defendant denies the allegations of paragraph 2 of the Fourth Count.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This defendant pleads the benefit of the statute of limitations.

### Second Affirmative Defense

This defendant pleads the benefit of the New Jersey Comparative Negligence Act.

### Third Affirmative Defense

This defendant pleads the doctrine of avoidable consequences.

### Fourth Affirmative Defense

In the event that plaintiff does not file a timely and proper affidavit of merit according to N.J.S.A. 2A:53A-26, <u>et. seq.</u>, then this defendant pleads the benefits of same.

### Fifth Affirmative Defense

The plaintiff has failed to comply with the provisions of <u>R.</u> 4:4-1 with respect to the service of the summons and complaint.

### Sixth Affirmative Defense

The complaint fails to set forth a claim upon which relief can be granted.

### Seventh Affirmative Defense

The accident and injuries were due to the acts of third persons over whom this defendant exercised no control.

### Eighth Affirmative Defense

The plaintiff is guilty of contributory negligence.

### CROSSCLAIM FOR CONTRIBUTION

These defendants demand contribution from all co-defendants pursuant to the N.J. Joint Tortfeasors Act, <u>N.J.S.A.</u> 2A:53A-1, <u>et seq.</u>  In addition, pursuant to the N.J. Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1, <u>et seq.</u>, in the event plaintiffs have in the past or should in the future, effect a settlement with any other defendant, these defendants will assert the negligence of that settling defendant and will rely

upon the facts, theories, and opinions of all witnesses and all experts revealed in discovery.

### REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendant settles prior to trial, these defendants will seek an allocation of the percentage of negligence by the fact finder against the settling defendant.

### DEMAND FOR AFFIDAVIT OF MERIT

This defendant demands a timely and proper affidavit of merit according to N.J.S.A. 2A:53A-26, et. seq.

### DEMAND FOR FORM A AND A(1) INTERROGATORY RESPONSES

This defendant demands responses to Form A and Form A(1) interrogatories within the time prescribed by the rules of court.

### REQUEST FOR STATEMENT OF DAMAGES

This defendant requests a statement of damages claimed as to each count of the complaint.

### DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25-4, Louis A. Ruprecht has been designated as trial counsel in this matter.

### JURY DEMAND

This defendant demands a trial by jury as to all issues involved.

### RULE 4:5-1 AND FILING AND MAILING CERTIFICATION

I hereby certify that within my current knowledge, the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceedings and no such other actions or arbitration proceedings are contemplated and no other party should be joined.

I hereby certify that the within Answer has been filed with the Essex County Clerk and that a true copy has been served upon counsel for plaintiffs, on this date by regular mail.

RUPRECHT, HART & WEEKS, LLP
Attorneys for defendant,
James C. Totten, DPM

By: _____
LOUIS A. RUPRECHT

Dated: July 21, 2010

**Appendix XII-B1**

| | | |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT (CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY**<br>**PAYMENT TYPE:**  ☐ CK  ☐ CG  ☐ CA<br>**CHG/CK NO**<br>**AMOUNT:**<br>**OVERPAYMENT:**<br>**BATCH NUMBER:** |

| ATTORNEY / PRO SE NAME<br>Louis A. Ruprecht, Esq. | TELEPHONE NUMBER<br>(973) 379-2400 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Ruprecht Hart & Weeks, LLP | | DOCKET NUMBER (when available)<br>ESX-L-3577-10 |
| OFFICE ADDRESS<br>306 Main Street<br>Millburn, New Jersey 07041 | | DOCUMENT TYPE<br>Answer w/Crossclaims |
| | | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>James C. Totten, DPM | CAPTION<br>O'Neill v. Totten, et al. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>604 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ■ YES  ☐ NO<br>IF YOU HAVE CHECKED "YES," SEE *N J S A* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ No | IF YES. LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>MDAdvantage Insurance Company of New Jersey  ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ YES  ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

### Track II - 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT – OTHER |

### Track III - 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Centrally Managed Litigation (Track IV)
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |
| 288 | Prudential Tort Litigation |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

# EXHIBIT C

## Curriculum Vitae

Name: James C. Totten, D.P.M.
Podiatric Surgeon

Home Address: 11 Heritage Road
Florham Park, NJ

Office Address: 40 Ferry Street
Newark, NJ 07105
Tel: (973) 817-9577
Fax: (973) 817-7447

| Education | Year | Degree | Specialization |
|---|---|---|---|
| Nassau Community College Garden City, NY 11530 | 1977-79 | A.S. | Pre-Med |
| Binghamton University (S.U.N.Y.) Binghamton, NY 13902 | 1979-82 | B.A. | Biology |
| Centro Bilingue (S.U.N.Y.) Cuernavaca, Me | 9/81-1/82 | | Spanish |

### Graduate

| | | | |
|---|---|---|---|
| California College of Podiatric Medicine 1210 Scott Street San Francisco, CA 94115 | 1982-84 | B.S. | Medical Science |
| California College of Podiatric Medicine | 1982-86 | D.P.M. | Podiatry |

**Postdoctoral Training Residencies** Years

The Cambridge Hospital
1493 Cambridge Street
Cambridge, MA 02139
Affiliated with: Harvard Medical School          7/86-7/87

Roseland Surgical Center
556 Eagle Rock Avenue
Roseland, NJ 07068          9/87-9/88

## Licensures: Podiatric

New Jersey:         #MD001783              4/18/88
New York:           #N004287               7/22/87
Massachusetts:      #1823                  7/08/86

### Board Certification

1. American Board of Podiatric Orthopedics          Certificate #1477
Board Certified: 8/22/92
Re-Certified 2002

2. American Board of Podiatric Surgery              Certificate #R4516
Board Certified: Foot Surgery 8/16/96
Re-Certified 2005, Expires 08/31/2016

3. American Board of Podiatric Surgery              Certificate#5051
Board certified: Reconstructive rear foot/ Ankle surgery
Re-Certified 2005, Expires 08/31/2016

### Narcotics Certification

N.J. CDS #D48143
N.J. DEA #BT1106942

### Hospital Appointments (Medical Staff)

Saint Barnabas Medical Center
94 Old Short Hills Road
Livingston, NJ 07039                                Active

Glen Ridge Surgical Center
230 Sherman Avenue
Glen Ridge, NJ 07028                               Active

University Medicine Dentistry of N.J               Clinical Faculty Instructor of
150 Bergen Street                                        Podiatric Surgery
Newark, NJ 07102                                         (1992- 2001)

### Practice History

Dr James C. Totten DPM                             1988 to Present
40 Ferry Street
Newark, NJ 07105

RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, New Jersey  07041
(973) 379-2400
Attorney for Defendant, James C. Totten, DPM

| | |
|---|---|
| KATHLEEN O'NEILL and MICHAEL O'NEILL, her husband,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES C. TOTTEN, DPM, PATRICIA BERRAN, DPM, CLAUDIO GOMEZ, DPM, individually or as agents, servants and/or employees of SAINT BARNABAS AMBULATORY CARE CENTER; GRAMEDICA, LLC; and/or GRAMEDICA, LLC; and/or GRAMEDICA FOOT CARE SOLUTIONS; DRS. JOHN and/or JANE DOES (1-5); ABC MEDICAL GROUP(S); ABC CORPS. (1-5) and/or ASSOCIATES (1-5)(all fictitious names),<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.   ESX-L-3577-10<br><br>        Civil Action<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE AN APPROPRIATE AFFIDAVIT OF MERIT** |

This matter having been brought before the Court by Ruprecht, Hart & Weeks, LLP, attorneys for defendant, James C. Totten, DPM, for an Order dismissing plaintiff's Complaint for failure to provide an appropriate Affidavit of Merit, and the Court having considered this matter, and for good cause shown;

It is on this _____ day of _____, 2011

ORDERED that plaintiff's Complaint and any and all crossclaims against defendant, James C. Totten, DPM, be and hereby is dismissed for failure to provide an appropriate Affidavit of Merit; and it is further